UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DAVID RIGOT, | ) | CASE NO. 1:21-CV-01575 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | MAGISTRATE JUDGE ARMSTRONG |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

Plaintiff Robert David Rigot filed a Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying in part his application for Supplemental Security Income (SSI). Pursuant to Local Rule 72.2, the case was referred to a magistrate judge for a report and recommendation. The magistrate judge's Report and Recommendation (R&R) initially recommended that the Commissioner's decision be vacated, and the matter remanded for further proceedings. (R. 16). After Defendant Commissioner objected to the R&R, and Plaintiff replied (R. 17; R. 18), the Court did not accept the R&R, returning the matter to the magistrate judge for further proceedings.

1

Now before the Court is the magistrate judge's R&R analyzing the matter in light of this Court's order. R. 23. The R&R recommends that the Court affirm the Commissioner's decision. *Id*. Plaintiff timely filed an objection (R. 24), to which Defendant replied. R. 25.

For the following reasons, the Report and Recommendation is adopted, and the decision of the Commissioner is AFFIRMED.

## BACKGROUND

The pertinent issue here is not the same as when the Court rejected the initial R&R and returned the matter for the magistrate judge to complete a full analysis beyond Step III and issue a new decision. Now, Plaintiff contends that R&R neglected to analyze whether "the ALJ failed to account for Mr. Rigot's need for support and assistance when [the ALJ] fashioned the RFC [residual functional capacity] nor did [the ALJ] explain why it was omitted." R. 24, Page ID#: 2601. The R&R framed the issue in substantially similar terms as whether "the ALJ erred at Step Four because the ALJ found that Mr. Rigot could sustain full time employment without properly crediting his testimony that he needs substantial assistance to complete activities of daily living. Mr. Rigot also argues that the ALJ erroneously rejected the statements of Ms. Nichols and Ms. Sexto-Bruno regarding Mr. Rigot's need for assistance." R. 23, Page ID#: 2586.

The R&R's analysis then proceeds to first review in some detail how the ALJ must evaluate a claimant's own statements concerning his symptoms. *Id*., Page ID#: 2586-88. The R&R then addressed how the ALJ applied this standard to Plaintiff's statements regarding his symptoms, beginning with the ALJ's own review of those symptoms. *Id*. Page ID#: 2588-89.

That review, quoted in its entirety, noted that among the reasons why Plaintiff's self-report on his daily functioning did not support any significant or marked limitations in any area

2

of mental functioning were:

    (1) Mr. Rigot's testimony as to being able to attend his medical appointments;

    (2) Mr. Rigot was providing care for his sister;

    (3) Mr. Rigot consistently attended counseling meetings;

    (4) Mr. Rigot was searching for employment;

    (5) a therapist noted that Mr. Rigot appears able to keep track of appointments and care for himself;

    (6) Mr. Rigot's own testimony that his medications were working well, that he was in the process of getting a car, he obtained a new credit card, and experienced no side effects from medications; and

    (7) Mr. Rigot's testimony that he was using public transportation. *Id.*, Page ID#: 2586.

The Magistrate Judge then took specific note of Plaintiff's particular objection that the mere fact that he can engage in some level of activity, often performed with help, does not necessarily indicate that he can perform substantial gainful activity for an entire 8-hour workday. *Id.*, Page ID#: 2589. The R&R notes that "[h]ad the ALJ relied exclusively on those activities, I might conclude that the ALJ's decision was not supported by substantial evidence." *Id*. But, the R&R continues, "the ALJ did not rely exclusively on [Plaintiff's} reported daily activities. Rather, the R&R found his statements were inconsistent with the medical evidence." *Id.*

To that point, the R&R cites three instances of mental status exams with normal findings in the areas of mental functioning, insight and judgment, as well as memory and concentration, along with subsequent treatment notes confirming those findings. *Id.*, Page ID#: 2589-90. Further, the R&R cites the ALJ as finding that Plaintiff's subjective symptom reports were

3

inconsistent with the opinions of state agency mental psychological consultants, as well as Dr. Aaron Williams, a medical expert who testified before the ALJ. *Id*., Page ID#: 2590. The R&R concluded, after noting that the ALJ did acknowledge contrary evidence in the record, that the ALJ properly determined that Plaintiff's subjective complaints were not entirely consistent with his own reports of daily functioning, the examination findings in the record, and the "persuasive portions" of the opinion evidence when considering the record as whole and in light of the relevant law. *Id*.

To that last point regarding medical opinion evidence, Plaintiff argued previously, as he does here, that the ALJ's decision was inconsistent with other treatment notes and the opinion evidence from his treating physicians, case manager, and sister that he lacks the ability to carry out an ordinary routine without extensive support. *Id*., Page ID#: 2591.

The R&R properly rejected this argument by first noting that Plaintiff's argument appears to be based on a belief that "the ALJ should have weighed the evidence differently or should have put more emphasis on the support structures around [Plaintiff]." *Id*. The R&R aptly concluded that the Commissioner's decision should be affirmed because re-weighing of evidence is not the function of the reviewing court and because the Commissioner's decision must be upheld when supported by substantial evidence, even if there is substantial evidence to the contrary. *Id.*

The R&R continues by independently reviewing the ALJ's treatment of functional opinions from various sources. First, the R&R considered the ALJ's analysis of Ms. Nichols, a non-medical professional. *Id.* Page ID#: 2591-95. The R&R noted that, at the time Plaintiff filed his application for benefits, the Commissioner's evaluation of such a source required only that such evidence be considered but afforded no special weight. *Id*. Page ID#: 2591-92. In addition,

Social Security regulations provide that the ALJ should evaluate an opinion such as that of Ms. Nichols using a variety of factors. *Id.*, Page ID#: 2593.

Here, as the R&R notes, the ALJ considered relevant factors and rejected Ms. Nichols' functional opinion for three reasons: (1) it improperly stated an opinion as to disability, which issue is reserved to the Commissioner; (2) Ms. Nichols was not an acceptable medical source; and (3) "most importantly," Ms. Nichols' functional opinions were inconsistent with Plaintiff's examination results, his reported functioning, and the other weighted medical opinions. *Id.*

Plaintiff, while conceding that Ms. Nichols was not an acceptable medical source, argued nevertheless that the ALJ was required to consider the evidence of Plaintiff's need for assistance as part of the basis for an RFC. *Id.*, Page ID#: 2594. The R&R directly addressed this point, finding that "the ALJ expressly *did* consider Ms. Nichols's opinions, finding that they were inconsistent with [Plaintiff's] examinations, reported functioning and other medical opinions of record. In doing so, the ALJ relied on the same evidence she relied on to conclude that [Plaintiff's] own testimony was not entirely consistent with the record as a whole." *Id.*

Next, the R&R addressed the ALJ's treatment of the functional opinion of Plaintiff's sister, Ms. Sexton-Bruno. *Id.*, Page ID#: 2595. The ALJ found that "significant weight cannot be given to the information [regarding the symptoms and limitations Ms. Sexton-Bruno identified] because it, like claimant's, is simply not consistent with the preponderance of the evidence." *Id.*, Page ID#: 2596.

Plaintiff's current objection is that the ALJ, having been placed on notice that Plaintiff needed extra help and accommodations in order to function, failed in her statutory duty to assess whether Plaintiff was capable of working independently in a work environment without such support. R. 24, Page ID#: 2607. He asserts that failure to address a need for support and

5

assistance means the RFC lacks the support of substantial evidence and that the ALJ's failure to articulate a reason why such analysis was not included in the RFC was legal error; and he objects that the R&R failed to recognize such error. *Id.*

As Plaintiff states later, the objection argues that notwithstanding the ALJ's level of acceptance of any medical functional opinion, the opinions contained factual statements consistent with other record evidence that Plaintiff "required a lot of help and support in order to function" and that these statements put the ALJ on notice that Plaintiff has an inability to independently function that needed to be addressed in formulating the RFC. *Id.,* Page ID#: 2609.

## ANALYSIS

### Standard of review

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). In addition, the Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-

evidence standard ... presupposes that there is a *zone of choice* within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (emphasis added). Therefore, if substantial evidence supports the ALJ's decision, a court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

### Application of standard

Plaintiff's rather novel objection suggests that although the ALJ may have properly discounted Plaintiff's subjective opinions as to his functional capacity, as well as the functional opinions from other sources, the ALJ was nonetheless obligated to consider any underlying facts within those opinions when fashioning the RFC. Stated differently, Plaintiff essentially argues that—while it may have been proper for the ALJ to analyze these facts in the context of reviewing a source opinion containing the facts —perhaps the ALJ should be required to analyze the same facts all over again outside of their incorporation into a source opinion so as to independently determine how they bear upon the RFC.

While this approach may have an initial appeal, since it is axiomatic that the ALJ must examine the record as a whole in fashioning the RFC, the approach quickly loses its luster upon further examination. It is apparent that the ALJ already considered these facts, in the context of Plaintiff's functional capacity, when the ALJ found that they did not support the degree of functional limitations the pertinent sources and Plaintiff claim. Plaintiff may not get the proverbial second bite of the apple by claiming it's a first bite taken from another angle.

The Court has reviewed the record and R&R, in light of the above-refenced standard, finds that it is thorough, well-written and without error. Plaintiff's objection is not well-taken and so is overruled.

## CONCLUSION

For the reasons stated, the Report and Recommendation is accepted, and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated: September 30, 2024

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge